IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02652-BNB

VINCENT E. LOGGINS,

    Plaintiff/Applicant,

v.

[NO NAMED PARTY],

    Defendant/Respondent.

ORDER

    Mr. Loggins is housed at the Colorado Mental Health Institute in Pueblo, Colorado. On September 25, 2014, Applicant initiated this action by filing a pleading titled, "Class Action: Pursuant to: 28 U.S.C.A 1652 note: 881a-Joinder of Federal and Nonfederal Causes or Claimes [sic]." Magistrate Judge Boyd N. Boland reviewed the pleading, found deficiencies, and directed Mr. Loggins to cure the deficiencies. Specifically, Magistrate Judge Boland found that the pleading does not clarify the type of action Mr. Loggins intends to file. Magistrate Judge Boland, therefore, directed Mr. Loggins to submit his claims on a proper Court-approved form. Mr. Loggins also was directed either to file a request to proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay the filing fee. Mr. Loggins paid a $400 filing fee on October 16, 2014.

    In response to Magistrate Judge Boland's Order to Cure Deficiencies, Mr. Loggins has submitted seventeen filings. Two of the filings are requests to proceed *in forma pauperis*; and three of the seventeen filings are a Title VII Complaint, a Prisoner

1

Complaint, and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In each of the three pleadings, Mr. Loggins challenges his placement at the Colorado Mental Health Institute and seeks release from the Institute. Mr. Loggins also requests in the Prisoner Complaint that his sex offender registration requirement be discontinued and that he be compensated for injuries he incurred to his left shoulder and right foot/leg. In the § 2254 Application, Mr. Loggins challenges his detainment at the El Paso County Jail for a mental exam, which he claims resulted in a violation of his right to a speedy trial in his criminal proceeding. Also in the § 2254 Application, Mr. Loggins asserts a double jeopardy claim and a violation of his due process rights because he was incompetent to proceed with his trial. The remaining twelve filings are convoluted statements that either address Mr. Loggins' conviction or the conditions of his current placement at the Colorado Mental Health Institute.

The Court must construe the pleadings liberally because Mr. Loggins is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a pro se litigant. See Hall, 935 F.2d at 1110.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that Mr. Loggins is entitled to relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).

Rule 8(a) provides that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that [e]ach allegation must be simple, concise, and direct.' Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. The Federal Rules of Civil Procedure also apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant/respondent to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed all three pleadings and finds that Mr. Loggins fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Loggins may not file a 28 U.S.C. § 2254 application and a civil complaint in the same action. Pursuant to *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011), "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . ." Furthermore, the proper Court-approved form for Mr. Loggins to use when

3

challenging the conditions of his confinement is a Prisoner Complaint form. Finally, a person confined pursuant to the judgment of a state court may challenge the fact or duration of his civil confinement by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (nothing in the provisions of 28 U.S.C. § 2244 requires a state court judgment of confinement to be for a criminal conviction; federal habeas corpus relief is available to challenge a civil commitment).

A decision to dismiss an action pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Mr. Loggins an opportunity to cure the deficiencies in this action by submitting a pleading that meets the requirements of Fed. R. Civ. P. 8.

If Mr. Loggins intends to file a prisoner complaint regarding the conditions of his confinement he must do so on a Court-approved Prisoner Complaint form. In the Complaint, Mr. Loggins must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic* , 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Loggins must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to state a claim in federal court in a prisoner complaint, Mr. Loggins must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the

defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

If, however, Mr. Loggins seeks to challenge the validity of his placement at the Colorado Mental Health Institute, he must provide a clear statement of the claims he is asserting and provide specific factual allegations in support of those claims that demonstrate his federal constitutional rights have been violated and that he is entitled to habeas corpus relief. Mr. Loggins must submit these claims on a Court-approved form used in filing a 28 U.S.C. § 2254 action and name as a respondent the individual who currently is responsible for his placement.

Mr. Loggins is reminded he may file either a prisoner complaint or a § 2254 application, but he **may not** file both in this action. Also, the only proper filing at this time is either a Prisoner Complaint or a 28 U.S.C. § 2254 Application. Accordingly, it is

ORDERED that Mr. Loggins comply with this Order within thirty days of the date of this Order. It is

FURTHER ORDERED that Mr. Loggins shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Loggins fails to comply with this Order within the time allowed the Court will dismiss this action without further notice.

DATED November 11, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

---
Gordon P. Gallagher
United States Magistrate Judge