IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02652-GPG

VINCENT E. LOGGINS,

    Applicant,

v.
FISHER,
RALPH CARR, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Mr. Vincent E. Loggins is housed at the Colorado Mental Health Institute in Pueblo, Colorado. Mr. Loggins initiated this action by filing *pro se* a pleading titled, "Prisoner Complaint on August 12, 2014. "Class Action: Pursuant to: 28 U.S.C.A 1652 note: 881a-Joinder of Federal and Nonfederal Causes or Claimes [sic]." Magistrate Judge Boyd N. Boland reviewed the pleading, found deficiencies, and directed Mr. Loggins to cure the deficiencies. Specifically, Magistrate Judge Boland found that the pleading does not clarify the type of action Mr. Loggins intends to file. Magistrate Judge Boland, therefore, directed Mr. Loggins to submit his claims on a proper Court-approved form. Mr. Loggins also was directed either to file a request to proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay the filing fee.

    In response to Magistrate Judge Boland's Order to Cure Deficiencies, Mr. Loggins submitted seventeen filings and paid $400 to the Court. Two of the filings are requests to proceed *in forma pauperis*; and three of the seventeen filings are a Title VII

Complaint, a Prisoner Complaint, and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In each of the three pleadings, Mr. Loggins challenges his placement at the Colorado Mental Health Institute and seeks release from the Institute.  Mr. Loggins also requests in the Prisoner Complaint that his sex offender registration requirement be discontinued and that he be compensated for injuries he incurred to his left shoulder and right foot/leg.  In the § 2254 Application, Mr. Loggins challenges his detainment at the El Paso County Jail for a mental exam, which he claims resulted in a violation of his right to a speedy trial in his criminal proceeding. Also, in the § 2254 Application, Mr. Loggins asserts a double jeopardy claim and a violation of his due process rights because he was incompetent to proceed with his trial. The remaining twelve filings are convoluted statements that either address Mr. Loggins' conviction or the conditions of his current placement at the Colorado Mental Health Institute.

On November 11, 2014, Magistrate Judge Gordon P. Gallagher entered an order that found Mr. Loggins has failed to comply with Fed. R. Civ. P. 8.  Magistrate Judge Gallagher also told Mr. Loggins that he may not file a 28 U.S.C. § 2254 application and a prisoner complaint in the same action and that he must file one or the other but not both within thirty days of the November 11 Order.  Subsequently, Mr. Loggins filed a Prisoner Complaint, two Applications for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, two Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and a copy of a Letter that he sent to a judge on March 2, 2012.  It appears, however, that these filings were dated and submitted to the Court prior to Magistrate Judge Gallagher's November 11 Order.

Mr. Loggins then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on November 20, 2014. The Court, therefore, will proceed to review the action as filed pursuant to § 2254.

The Court first must construe the Application liberally because Mr. Loggins is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. The Court will dismiss the action for the following reasons

Upon review of *Loggins v. United States, et al.*, No. 13-cv-01790-LTB (D. Colo. Oct. 23 2013), the Court finds Mr. Loggins filed a prior § 2254 action that challenged the same state criminal conviction as this action, which is State of Colorado Criminal Case No. 88CR424. In Case No. 13-cv-01790-LTB, the court found that Criminal Case No. 88CR424 is time-barred. A dismissal of a § 2254 petition as time-barred is a decision on the merits. See *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Therefore, the instant § 2254 action is second or successive.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Loggins must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. See *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. Apr. 12, 2013) (under the two-step "gate-keeping" mechanism the court of appeals must review a successive habeas and then authorize a review by a district court if necessary). In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. *In*

*re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Id.* at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Loggins fails to address the timeliness of this action under the Timeliness of Application section of the Application form. Furthermore, Mr. Loggins concedes that his prior § 2254 application was dismissed as "time barred' or "moot." *See* Application, ECF No. 30, at 9. Mr. Loggins fails to demonstrate that the claims are based on newly discovered evidence or on a new rule of constitutional law, or were untimely due to a state caused impediment. *See* 28 U.S.C. § 2244(d). It is clear that when this action was filed the Court lacked jurisdiction and the claims were not presented to this Court in good faith. Since, timeliness is not at issue and it is not clear that the claims are likely to have merit, a transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction.

The Court also finds that, because Mr. Loggins has sufficient funds in his account to pay the $5 filing fee, the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas corpus Action, ECF No. 29, is denied. The Clerk of the Court, however, will be directed to return the remaining $395 to Mr. Loggins that he

submitted to the Court on October 16, 2014.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Loggins files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Mr. Loggins is denied leave to proceed pursuant to 28 U.S.C. § 1915, ECF No. 29, because he has sufficient funds in his Colorado Department of Human Services Account to pay the $5 filing fee. It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 30, is denied for lack of jurisdiction, and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Loggins has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the Clerk of the Court is directed to return to Mr. Loggins the remaining $395 he submitted to the Court in this action.  It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of   January   , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court